# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Eric Michael Sorenson,

        Plaintiff,

     v.                               **ORDER**
                                      Civil No. 15-3916 ADM/LIB

Sherburne County, et al.,

        Defendants.

_____

Eric Michael Sorenson, Pro Se.

Ann R. Goering, Esq., Ratwik, Roszak & Maloney, P.A., Minneapolis, MN, on behalf of
Defendants.

_____

     This matter is before the undersigned United States District Judge for a ruling on Plaintiff

Eric Michael Sorenson's Motion to Reconsider [Docket No. 65] Magistrate Judge Leo I.

Brisbois' March 3, 2016 Order [Docket No. 54].  Judge Brisbois granted in part and denied in

part Sherburne County, Sherburne County Sheriff's Office, Sherburne County Jail, 2013

Sherburne County Sheriff, 2013 Deputy County Sheriff's Office Data Practices Official, and

2013 Sherburne County Jail Data Practices Official's (collectively, "Defendants") Motion for

Protective Order [Docket No. 25].  Defendants' motion was motivated by 127 requests for

admissions and two requests for the production of documents that Sorenson had served.

Defendants argued that the frivolous nature of the requests demanded placing reasonable

limitations on discovery to protect against undue burden and expense.

     In his Order, Judge Brisbois denied the Defendants' motion as to the production of

documents, concluding that Defendants "have failed to provide the Court with sufficient specific

information to grant them a protective order."  Order at 3.  As to the requests for admissions,

Judge Brisbois granted the Defendants' motion to the extent that Sorenson's requests were asking Defendants to admit or deny text that is duplicative of the text in the Complaint [Docket No. 1].  Id. at 4–5.  Finally, Judge Brisbois determined that Sorenson's 127 requests for admissions were excessive when viewed in the perspective of the uncomplicated legal issues of this case.  Sorenson was also precluded from serving any additional requests for admission.  Id. at 5–6.

Sorenson requests reconsideration of two parts of Judge Brisbois' Order:  1) that Defendants do not need to respond to the requests for admission that are duplicative of the text of the Complaint, and 2) that Sorenson is precluded from serving additional requests for admissions.

Although styled as a motion for reconsideration, Sorenson's request is properly considered as an objection to a nondispositive ruling of a magistrate judge, of which the applicable standard of review is extremely deferential.[1]  See Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999).  The district court must affirm a decision by a magistrate judge on a nondispositive issue unless the decision is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).  A decision is "'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  Chakales v. Comm'r of Internal Revenue, 79 F.3d 726, 728 (8th Cir. 1996).  "A decision is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law or rules of procedure.'"  Knutson v. Blue Cross & Blue

---

[1] Defendants note that Sorenson's motion is untimely, having been filed 27 days beyond the 14-day period provided for objections by Federal Rule of Civil Procedure 72(a).

Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008) (quoting Transamerica Life Ins. Co. v.

Lincoln Nat'l Life Ins. Co., 592 F. Supp. 2d 1087, 1093 (N.D. Iowa 2008)).

Sorenson's first objection to Judge Brisbois' Order regarding duplicity is moot because

Defendants have now answered all 127 requests for admission, including those that Judge

Brisbois ruled were duplicative.[2]   In contesting Judge Brisbois' determination that Sorenson is

precluded from serving additional requests for admission, Sorenson fails to show that Judge

Brisbois' ruling is clearly erroneous or contrary to law.   Although the Federal Rules of Civil

Procedure do not place a definite limit on the number of Rule 36 requests a party is permitted to

make, the Rules do provide authority for limiting such requests.   Fed. R. Civ. P. 26(b)(2)(A).

Indeed, Judge Brisbois is vested with wide latitude to decide when a protective order is

appropriate and what degree of protection is required.[3]   Misc. Docket Matter No. 1 v. Misc.

Docket Matter No. 2, 197 F.3d 922, 925 (8th Cir. 1999).   Judge Brisbois concluded that 127

requests for admission in a "relatively uncomplicated" case is unreasonable.   After reviewing the

record, this conclusion is not contrary to law.

---

[2] In his motion Sorenson lists 20 requests for admission that he claims are not duplicative
of the wording in his Complaint.   After cross referencing the requests for admission to the
language in the Complaint, while the verbiage may be slightly different, the gist of many of the
requests for admission mirror the allegations set forth in the Complaint.

[3] Two examples of Sorenson's requests for admissions are 1) "that the signature of the
Complaint is that of 'Eric Sorenson'" and 2) "that Plaintiff is currently proceeding pro se status."
Mem. Supp. Mot. Protective Order [Docket No. 27] at 2.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Eric Michael Sorenson's Motion to Reconsider [Docket No. 65] is **DENIED**.

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  May 25, 2016.