UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Eric Michael Sorenson,　　　　　　　　　　　Court File No. 15-cv-3916 (ADM/LIB)

          Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　**ORDER AND**
　　　　　　　　　　　　　　　　　　　　　　**REPORT AND RECOMMENDATION**
Sherburne County, et al.,

          Defendants.

      This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636, and upon Plaintiff's Motion to Strike Defendants' First Affirmative Defense, [Docket No. 71]; Plaintiff's Motion for Partial Summary Judgement, [Docket No. 74]; Plaintiff's Motion to Strike Defendants' Fifth, Ninth, and Tenth Affirmative Defenses, [Docket No. 79]; Plaintiff's Motion to Strike Defendants' Seventh Affirmative Defense, [Docket No. 82]; Defendants' Motion to Dismiss, [Docket No. 85]; Plaintiff's Motion for Leave to File Amended Complaint, [Docket No. 113]; Plaintiff's Motion to Modify Scheduling Order and Stay of Pending Matter Before the Court, [Docket No. 115]; and Defendants' Motion to Compel. [Docket No. 137]. The Court took the parties' motions under advisement on the parties' written submission on July 11, 2016. (Order [Docket No. 128]).

      For the reasons discussed herein, the Court Orders that Plaintiff's Motion for Leave to File Amended Complaint, [Docket No. 113], is **DENIED**; Plaintiff's Motion to Modify Scheduling Order and Stay of Pending Matter Before the Court, [Docket No. 115], is **DENIED**; and Defendants' Motion to Compel, [Docket No. 137], is **DENIED**.

For the reasons discussed herein, the Court recommends that Plaintiff's Motion to Strike Defendants' First Affirmative Defense, [Docket No. 71], be **DENIED**; that Plaintiff's Motion for Partial Summary Judgement, [Docket No. 74], be **DENIED**; that Plaintiff's Motion to Strike Defendants' Fifth, Ninth, and Tenth Affirmative Defenses, [Docket No. 79], be **DENIED**; Plaintiff's Motion to Strike Defendants' Seventh Affirmative Defense, [Docket No. 82], be **DENIED**; and that Defendants' Motion to Dismiss, [Docket No. 85], be **GRANTED in part and DENIED in part**.

I.   STATEMENT OF ALLEGED FACTS

Plaintiff Eric Michael Sorenson ("Plaintiff"), a patient civilly committed in the Minnesota Sex Offender Program ("MSOP"), proceeding *pro se*, initiated the present lawsuit on or about October 21, 2015, naming as Defendants Sherburne County; Sherburne County Sheriff's Office; Sherburne County Jail; the 2013 Sherburne County Sheriff, as Doe No. 1; the 2013 Deputy of Sherburne County Jail Warden or other comparable title, as Doe No. 2; the 2013 Sherburne County Sheriff's Office Data Practices Officials, as Doe No. 3; the 2013 Sherburne County Jail Data Practices Official, as Doe No. 4; and all other Jane/John Doe's (collectively "Defendants") demanding relief pursuant to 42 U.S.C. § 1983. (Compl. [Docket No. 1]).

The facts in Plaintiff's Complaint, [Docket No. 1], all surround Plaintiff's allegation that Defendants denied Plaintiff access to certain state or county data in violation of the Minnesota Data Practices Act. (See Id.). The information Plaintiff sought relates to the time he previously spent in the Sherburne County jail. (Id.).

"On or about 2000-2003," Plaintiff was remanded to the custody of the Minnesota Department of Corrections for fifty-two (52) months. (Id. at ¶ 17). In 2005, Plaintiff was released on a term of intensive supervised release, however, upon his alleged violation of the terms of that

release Plaintiff was returned to the custody of the Minnesota Department of Corrections. (Id. at ¶ 18).

Pending Plaintiff's civil commitment, he was held at the Sherburne County jail. (Id. at ¶¶ 20, 30). While detained at the Sherburne County jail, Plaintiff expressed "multiple harsh criticisms to Defendants Doe Nos. 1–4." (Id. at ¶ 30). Sometime after May 27, 2010, Plaintiff was civilly committed and remanded to the custody of the Minnesota Department of Human Services where he continues to remain. (Id. at ¶¶ 19–22).

On or about November 24, 2013, Plaintiff contacted Defendants Doe Nos. 1 and 2 requesting data "via informal letter" and informing them that "Plaintiff was suing them for unconstitutional conditions of confinement and for violating the Plaintiff's substantive due process rights." (Id. at ¶¶ 33, 25). On December 9, 2013, Plaintiff filed a Data Practices Request with Defendant Doe Nos. 1–4 to which Defendants had yet to respond as of the time Plaintiff filed his Complaint. (Id. at ¶ 27–28; Exhibit A [Docket No. 1-1]). Defendants Doe Nos. 1–4 have not responded to Plaintiff's November 24, 2013, letter nor to Plaintiff's December 9, 2013, Data Practices Request. (Compl., [Docket No. 1], at ¶¶ 26, 28).

Plaintiff alleges that Defendants Doe Nos. 1–4 failed to respond to Plaintiff November 24, 2013, and December 9, 2013, data practices requests due to the harsh critiques and complaints Plaintiff made regarding the Sherburne County jail while Plaintiff was earlier being detained there. (Id. at ¶ 32). Plaintiff further alleges that he needed the requested data to bring an allegedly non-frivolous lawsuit against Defendants "for the unconstitutional conditions of confinement [at the Sherburne County jail] and ultimately to achieve Plaintiff's liberties." (Id. at ¶¶ 39, 41).[1]

---

[1] Plaintiff's possible allegations and claims related to the conditions of his previous confinement at the Sherburne County jail are not the subject of the present case. (See Compl. [Docket No. 1]).

Plaintiff generally alleges that Defendants, by failing to respond to the data requests, "failed to provide Plaintiff with any options to appeal the inherent denial of the respective data requests." (Id. at ¶ 46). Plaintiff's Complaint concludes by stating that Defendants violated the Minnesota Government Data Practices Act when they failed to provide him with the requested data. (Id. at ¶ 50).

Plaintiff repeats the foregoing facts many times in his Complaint; each time placing the facts under a different heading and purporting to make it a new claim. Plaintiff alleges ten (10) causes of actions which he labels as follows: Censorship of and Retaliation Against the Plaintiff's Right to Public Information (Freedom of Expression Clause of the First Amendment) (Cause of Action 1); Interference With Access to the Courts Via Failure to Provide Public Information (Freedom of Expression and Petition Clauses of the First Amendment) (Cause of Action 2); Failure to Provide Appeal Process (Procedural Clause of the Due Process Clause of Section 1 of the Fourteenth Amendment) (Cause of Action 3); Failure to Provide Public Information (First Amendment's Freedom of Speech and Expression Clauses and Substantive Clause of the Due Process Clause of Section 1 of the Fourteenth Amendment (Cause of Action 4); Minnesota Government Data Practices Act ("MGDPA") (Cause of Action 5); Minnesota Official Records Act ("MORA") (Cause of Action 6); Americans With Disabilities ("ADA") and Rehabilitation Act ("RA") (Cause of Action 7); Freedom of Information Act ("FOIA") (Cause of Action 8); Intentional and Negligent Infliction of Emotional Distress (AKA "OUTRAGE") (Cause of Action 9); and Negligence (Cause of Action 10). (Id. at ¶¶ 69–139). Although Plaintiff places various labels on his purported causes of actions, he in fact pleads facts under each cause of action solely related to the Defendants' alleged failure to provide Plaintiff with state or county data as requested under the Minnesota Government Data Practices Act. (See Id.).

4

## II. PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT. [DOCKET NO. 113].

Plaintiff moves the Court for an order granting Plaintiff leave to amend his original Complaint. (Mot. for Leave to File Amended Compl. [Docket No. 113]). Plaintiff seeks to make a number of formatting changes; name Defendant Doe No. 1; remove Defendant Doe No. 2; and add a total of one hundred and thirty (130) new paragraphs containing additional facts, procedural history of the present case, and mere legal assertions and conclusions. (Proposed First Amended Compl. [Docket No. 113-1]). All of the addition facts Plaintiff seeks to add, like the facts in his original Complaint, revolve solely around Defendants' failure to provide Plaintiff with state or county data. (See Id.). Plaintiff does not present any new facts involving a different event or scenario. (See Id.).

Eighth Circuit jurisprudence provides that courts should consider motions to amend the pleadings prior to ruling on pending motions to dismiss. In Pure Country, Inc., the defendant moved to dismiss the plaintiff's complaint for failure to state a claim upon which relief may be granted. Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 955 (8th Cir. 2002). While the motion to dismiss was pending, the plaintiff filed a motion to amend its pleading and add additional parties. Id. The district court granted the defendant's motion to dismiss and denied as moot the plaintiff's motion to amend. Id. On appeal, the Eighth Circuit reversed, writing:

> [T]he district court ignored Pure Country's motion to amend, granted Sigma Chi's motion to dismiss the original complaint, and then denied Pure Country's motion to amend the complaint as moot. That approach, as a procedural matter, was plainly erroneous. If anything, Pure Country's motion to amend the complaint rendered moot Sigma Chi's motion to dismiss the original complaint. We therefore reverse the district court's denial of Pure Country's motion to amend the complaint, and we remand the matter to the district court with instructions to reconsider the motion under the discretionary standard asserted by Pure Country. In order to permit the district court to reconsider the motion to amend the complaint, we also vacate the district court's dismissal of the original complaint;

> however, we do so subject to the possibility that the claims in question may again be dismissed by the district court following its ruling on the motion to amend.

Id. at 956 (internal citations omitted). The Eighth Circuit held that it is procedural error to grant a pending motion to dismiss and subsequently dismiss a motion to amend the complaint as moot, recommending, instead, that courts apply the Rule 15 discretionary standard and first weigh motions to amend. Id.; Murrin v. Fischer, No. 07-cv-1295 (PJS/RLE), 2008 WL 540857 (D. Minn. Feb. 25, 2008).

Accordingly, the Court considers Plaintiff's Motion for Leave to File Amended Complaint, [Docket No. 113], before considering Defendants' Motion to Dismiss. [Docket No. 85].

### A. Standard of Review

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading with the opposing party's written consent or the court's leave, and Rule 15 instructs that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has explained the purposes of Rule 15(a) as follows:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of such an apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). However, "parties do not have an absolute right to amend their pleadings, even under this liberal standard," Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 715 (8th Cir. 2008), but the Court begins its review "with a presumption of liberality." DeRoche v. All Am. Bottling Corp., 38 F. Supp. 2d 1102, 1106 (D. Minn. 1998).

A party may successfully challenge a motion to amend pleadings on grounds of futility if the claims created by the amendment would not withstand a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. See Cornelia I. Crowell GST Trust v. Possis Medical, Inc., 519 F.3d 778, 782 (8th Cir. 2008); Humphreys v. Roche Biomedical Lab., Inc., 990 F.2d 1078, 1082 (8th Cir. 1993). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Courts must undertake the "context-specific task" of determining whether the moving party's allegations "nudge" its claims against the defendant "across the line from conceivable to plausible." See Ashcroft v. Iqbal, 556 U.S. 662, 679–81 (2009). The moving party must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.; see also Farnam Street Fin., Inc. v. Pump Media, Inc., No. 09–233 (MJD/FLN), 2009 WL 4672668, at *3 (D. Minn. Dec.8, 2009) (citing Iqbal, 556 U.S. at 678).[2]

While the Court is required to construe the content with Plaintiff's pleadings liberally as he is proceeding *pro se*, Plaintiff is nevertheless bound by applicable procedural and substantive law. "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984).

---

[2] In applying the motion to dismiss standard in ruling on a motion to amend under a Rule 15(a) futility analysis, courts generally do not weigh the substance of the proposed amended pleadings to the same extent as would be appropriate on a Rule 12(b)(6) motion. Streambend Properties III, LLC v. Sexton Lofts, LLC., 297 F.R.D. 349, 357 (D. Minn. 2014) (citing Birchwood Labs., Inc. v. Battenfeld Techs., Inc., 762 F. Supp. 2d 1152, 1156 (D. Minn. 2011)).

**B. Analysis**

Plaintiff's Motion for Leave to File Amended Complaint, [Docket No. 113], was filed on June 20, 2016, outside of the twenty-one (21) day window from Defendants' May 9, 2016, Motion to Dismiss. [Docket No. 85]. As such, pursuant to Rule 15, Plaintiff is required to obtain the consent of the opposing party or leave of the Court before filing an amended complaint. There is no evidence in the record presently before the Court that Plaintiff has sought the consent of the Defendant, and in fact, Defendants assert, by their motion opposing Plaintiff's motion to amend, that they do not consent to Plaintiff's filing of an amended complaint. (See Defs.' Mem. in Opposition [Docket No. 129]). As such, Plaintiff may only amend his Complaint with leave of the Court.

The sole basis alleged for all of Plaintiff's claims in the present case is that the state actor Defendants failed to provide Plaintiff with certain state or county data in alleged violation of the Minnesota Government Data Practices Act, a state statute. (See Compl. [Docket No. 1]; Proposed First Amended Complaint [Docket No. 113-1]). While Plaintiff labels some of his claims as constitutional violations, all of the facts alleged in his complaints revolve around Defendants' purported violation of a state law. Plaintiff's complaints plead no facts which allege any basis for federal jurisdiction.

Upon extensive review of Plaintiff's Proposed First Amended Complaint, [Docket No. 113-1], the Court finds its conclusory labels and repetitious factual allegations much the same as Plaintiff original Complaint. All of Plaintiff's purported amendments in support of his claims— regardless of the heading under which the facts are placed—continue to focus solely on the Defendants allegedly not providing Plaintiff with state or county data in violation of a state law,

the Minnesota Government Data Practices Act. (See Proposed First Amended Compl. [Docket No. 113-1]).

For instance, in his Complaint, Plaintiff labels a claim under the ADA and the RA, and in his Proposed First Amended Complaint Plaintiff seeks to plead additional factual paragraphs under the ADA and RA heading. (Compl. [Docket No. 1], at ¶¶ 118–21; Proposed First Amended Compl., [Docket No. 113-1], at ¶¶ 124–46). The facts which Plaintiff now seeks to add, however, only assert that Plaintiff is civilly committed and repeat facts found elsewhere in the Complaint regarding Plaintiff's allegation that the Defendants failed to provide Plaintiff with state or county data in violation of a state statute. (See Proposed First Amended Compl., [Docket No. 113-1], at ¶¶ 153–75).

Plaintiff also purports to add a claim that "Defendants' failure to provide Plaintiff with his right to receive, read, and retain public information and Defendants censorship of that information . . . violated Plaintiff's right to receive, read, and retain knowledge[.]" (Id. at VIII.B.a). In his Proposed Amended Complaint, Plaintiff alleges that Stanley v. Georgia, 394 U.S. 557 (1969), supports Plaintiff's claim that he has a right to receive, read, and retain information. (Proposed First Amended Compl. [Docket No. 113-1], ¶ 31–32). Despite Plaintiff's attempt to clarify that he is claiming a violation of that right and "not claiming that Plaintiff has a right to receive public information from a government agency[,]" all of the facts Plaintiff pleads in relation to this claim are again facts regarding Defendants alleged failure to provide Plaintiff with state or county data in alleged violation of a state statute. (Id. at n. 2, ¶¶ 32–49). These facts are also repetitive of the facts found elsewhere in Plaintiff's Complaint.

As noted above, it is clear to the Court that the only factually allegations contained in Plaintiff's Proposed First Amended Complaint, [Docket No. 113-1], are those surrounding the

Defendants failure to provide Plaintiff with requested state or county data in alleged violation of a state statute, the Minnesota Government Data Practices Act.

As discussed below, there is no federal constitutional right to state or county records. For the same reasons the Court recommends dismissal of Plaintiff's original Complaint below, allowing Plaintiff to now amend his Complaint with repetitious allegations would be futile.

Therefore, the Court **DENIES** Plaintiff's Motion for Leave to File Amended Complaint. [Docket No. 113].

### III. DEFENDANTS' MOTION TO DISMISS. [Docket No. 85].

Defendants move this Court for an order dismissing Plaintiff's Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) reasoning that Plaintiff has failed to state any constitutional claims. (Defs.' Mot. to Dismiss [Docket No. 85]). While Defendants bring their motion pursuant to Rule 12(b)(6), the Court must first determine whether or not it has subject matter jurisdiction to proceed with the present case.

#### A. Standard of Review

Federal courts are courts of limited jurisdiction. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94–95 (1998). "The requirement that jurisdiction be established as a threshold matter spring[s] from the nature and limits of the judicial power of the United States and is inflexible and without exception." Id. (internal quotations and citations omitted). To invoke federal question jurisdiction, a plaintiff must plead a cause of action arising under federal law or the Constitution. 28 U.S.C. § 1331. A complaint states a federal cause of action when it appears on the face of a well-pleaded complaint. Oglala Sioux Tribe v. C&W Enterp., Inc., 487 F.3d 1129, 1131 (8th Cir. 2007) (citation omitted).

"A court does not obtain subject-matter jurisdiction just because a plaintiff raises a federal question in his or her complaint. If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." Biscanin v. Merrill Lynch & Co., Inc., 407 F.3d 905, 907 (8th Cir. 2005) (internal citations omitted) (citing Hagans v. Lavin, 415 U.S. 528, 537–38 (1974)). In other words, merely because a plaintiff states in the complaint that the Court has subject matter jurisdiction does not make it so. It is the burden of the party asserting jurisdiction to prove that jurisdiction exists. VS Ltd. P'ship. v. Department of Hous. & Urban Dev., 235 F.3d 1109, 112 (8th Cir. 2000).

"A court must dismiss an action over which it lacks subject matter jurisdiction." Pomerenke v. Bird, No. 12-cv-1757 (DSD/JJG), 2014 WL 30363, at *1 (D. Minn. Jan. 3, 2014) (citing Fed. R. Civ. P. 12(h)(3)). Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a party may move to dismiss a pleading for lack of subject matter jurisdiction. Such a motion may challenge at any time the sufficiency of the pleading on its face or may challenge the factual truthfulness of its allegations. See Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993); Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990). In a factual challenge, courts may consider matters outside of the pleadings, and no presumptive truthfulness attaches to the plaintiff's factual allegations. Osborn, 918 F.2d at 729–30, n.6.

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standard than formal pleadings drafted by lawyers." Erikson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted). However, "[a]lthough pro se pleading are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." Burgs, 745 F.2d at 528; see Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).

B. Analysis

As the Court has denied Plaintiff's Motion for Leave to File Amended Complaint, [Docket No. 113], the Court conducts the present subject matter jurisdiction analysis as directed at Plaintiff's original Complaint. [Docket No. 1].

### 1. Plaintiff Fails to Establish Subject Matter Jurisdiction to Maintain his Section 1983 Claim

Plaintiff purports to maintain the present action pursuant to 42 U.S.C. § 1983. For relief pursuant to 42 U.S.C. § 1983, "a plaintiff must prove (1) violation of a [federal] constitutional right, (2) committed by a state actor, (3) who acted with the requisite culpability and causation to violate the constitutional right." McDonald v. City of St. Paul, 679 F.3d 698, 704 (8th Cir. 2012) (quoting Shrum ex rel Kelly v. Kluck, 249 F.3d 773, 777 (8th Cir. 2001) (citations omitted)). Although Plaintiff invokes § 1983, "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must show that he was deprived of a right secured by the Constitution and the laws of the United States and that the deprivation was committed by a person acting under color of state law." Alexander v. Hedback, 718 F.3d 762, 765 (8th Cir. 2013) (citing Lind v. Midland Funding, LLC, 688 F.3d 402, 405 (8th Cir. 2012)). Section 1983 does not itself grant jurisdiction. Hagens v. Lavine, 415 U.S. 528, 534 (1974).

As noted above in Section II, supra, Plaintiff's entire Complaint and all the facts pled therein revolve around one single factual scenario: Defendants allegedly failed to provide Plaintiff with state or county data in violation of the Minnesota Government Data Practices Act, a state statute. (See Compl. [Docket No. 1]). Plaintiff's labelling of this factual scenario as a violation of various federal constitutional rights and statutes does not alter the fact that he is solely pleading facts related to Defendants denying Plaintiff state or county data in violation of a state statute. Plaintiff pleads no facts supporting any action or omission other than Defendants

12

denying Plaintiff state or county data. (See Id.). Other than conclusory labelling, Plaintiff pleads no facts which support any violation of his federal constitutional rights or federal law. (See Id.).

As a matter of law, a violation of a state statute cannot create federal question jurisdiction. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.") (emphasis added). In the present case, it is abundantly clear to this Court that Plaintiff's cause of action sounds solely in state law, not federal law. There is no factual allegation that Defendants have done anything besides fail to provide Plaintiff state or county data in violation of a state law. Although Plaintiff lists labels for a number of federal claims in his Complaint, no such claims are factually plead.

In summary, the Court concludes that Plaintiff's alleged federal constitutional claims have no basis in fact as plead by Plaintiff in his Complaint. Therefore, as a matter of law, Plaintiff's Complaint contains only a state law claim that does not give rise to federal question jurisdiction under § 1983.[3]

### 2. Plaintiff's Purported Claim Under the Freedom of Information Act

One of the federal claim labels Plaintiff applies in his Complaint is the Freedom of Information Act ("FOIA"). (See Compl., [Docket No. 1], at ¶¶ 122–24). Again, however, Plaintiff only pleads facts in support thereof related to the Defendants' failure to provide Plaintiff with state or county data in violation of a state statute.

Even generously and liberally construing Plaintiff's Complaint, the Freedom of Information Act claim would fail as a matter of law as the FOIA is only applicable to federal

---

[3] The Court notes that Plaintiff has also failed to establish diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Plaintiff pleads that he is currently in the "care and custody of the State of Minnesota" and Defendants are all either entities of or employees of Defendant Sherburne County, Minnesota. As such, diversity of citizenship cannot exist, and Plaintiff cannot establish federal diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

agencies. See 5 U.S.C. §552. "FOIA is concerned only with shedding light on misconduct of the federal government . . . ." Rimmer v. Holder, 700 F.3d 246, 258 (6th Cir. 2012). "[I]t is beyond question that FOIA applies only to federal and not state agencies." Id. (quoting Grand Cent. P'ship v. Cuomo, 166 F.3d 473, 484 (2d Cir. 1999)). No federal agency is party to the present case. (See Compl. [Docket No.1 ]). Plaintiff pleads no facts that any federal agency participated in the alleged actions of Defendants. (See Id.).

Therefore, the FOIA has no relevance to the present case. Any purported claim under the FOIA in the present case fails, and consequently, there is not a federal question presented to support subject matter jurisdiction in this Court.

### 3. Plaintiff's Purported Claim Under the Americans With Disabilities Act and Rehabilitation Act

Another of the federal claim labels applied in Plaintiff's Complaint is the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"). (See Compl., [Docket No. 1], at ¶¶ 118–21). Again, however, Plaintiff only pleads facts related to the Defendants' failure to provide Plaintiff with state or county data in violation of a state statute.

Even generously and liberally construing Plaintiff's Complaint again, Plaintiff's conclusory ADA and RA claim here would still fail. The ADA and RA each prohibit discrimination on the basis of disability. For analytic purposes, each is identical. See Randolph v. Rodgers, 170 F.3d 850, 858 (8th Cir. 1999) ("The ADA and the RA are 'similar in substance' and, with the exception of the RA's federal funding requirement, 'cases interpreting either are applicable and interchangeable.'"). To state a prima facie case under the ADA, a plaintiff must show (1) that he is a qualified individual with a disability; (2) he was denied the benefits of a

public entity's service or program, or otherwise discriminated against; and (3) the denial or discrimination was based on their disability. Id.[4]

As Plaintiff fails to allege any facts demonstrating that any Defendant discriminated against Plaintiff due to any alleged disability as defined by the ADA, Plaintiff fails to state a claim upon which relief may be granted pursuant to either the ADA or the RA.[5] Any claim under the ADA or RA in the present case fails, and consequently, there is not a federal question presented to support jurisdiction in this Court.

Accordingly, the Court recommends **GRANTING** Defendants' Motion to Dismiss, [Docket No. 85], thereby dismissing Plaintiff's Section 1983 claims for lack of subject matter jurisdiction.

### 4. Plaintiff's State Law Claims

Remaining before the Court as part of Plaintiff's Complaint, [Docket No. 1], are Plaintiff's various state law claims alleged against Defendants, including violations of the Minnesota Government Data Practices Act (Cause of Action 5); violations of the Minnesota Official Records Act (Cause of Action 6); Intentional and Negligent Infliction of Emotional Distress (Cause of Action 9); and Negligence (Cause of Action 10). Despite the lack of any federal question raised by Plaintiff's Complaint, Defendants urge this Court to exercise

---

[4] The Rehabilitation Act adds an additional requirement that the program or activity from which the plaintiff was excluded must receive federal financial assistance. Id.

[5] "The ADA defines disability as either a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual, a record of such an impairment, or being regarded as having such an impairment" Land v. Baptist Med. Ctr., 164 F.3d 423, 424 (8th Cir. 1999) (internal quotation marks omitted) (quoting 42 U.S.C. § 12102(2) (A)–(C)). "A major life activity is substantially limited if an individual is unable to 'perform a basic function that the average person in the general population can perform' or is significantly restricted in 'the condition, manner, or duration under which [he or she] can perform a particular life activity as compared to an average person in the general population.'" Id. at 424–25 (quoting Snow v. Ridgeview Med. Ctr., 128 F.3d 1201, 1206 (8th Cir. 1997)).

supplemental jurisdiction over Plaintiff's state law claims nonetheless and to dismiss those claims with prejudice. (Defs.' Mem. of Law, [Docket No. 87], at 22).

Supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) by a federal court over state law claims may be exercised at the discretion of the district court. Glorvigen v. Cirrus Design Corp., 581 F.3d 737, 749 (8th Cir. 2009). "[Supplemental jurisdiction] justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." Id. If it appears that state issues substantially predominate, courts have tended towards dismissing said state law claims without prejudice, to be left for resolution by the state courts. Id.

Because this Court recommends dismissing Plaintiff's Section 1983 claim for lack of any federal question at the outset, the Court also recommends declining to exercise supplemental jurisdiction over the remaining state law claims. See Gregoire v. Class, 236 F.3d 413, 419–20 (8th Cir. 2000) (stating federal courts should exercise judicial restraint and avoid state law issues whenever possible).

Therefore, as the undersigned has already recommended dismissing all of Plaintiff's other claims, the undersigned further recommends that Plaintiff's action be **DISMISSED** in its entirety.[6]

---

[6] Defendants have also filed a Motion to Compel, [Docket No. 137], seeking an order compelling Plaintiff to answer various discovery requests. (See Defs.' Mot. to Compel [Docket No. 137]). However, as the Court presently recommends Plaintiff's action be dismissed in its entirety, Defendants' Motion to Compel, [Docket No. 137], is moot. For that reason, the Court **DENIES as moot** Defendants' Motion to Compel. [Docket No. 137].

## IV.     PLAINTIFF'S OTHER MISCELLANEOUS MOTIONS. [DOCKET NOS. 71, 74, 79, 82, 115].

Plaintiff also brings a number of motions seeking to strike various portions of Defendants' answer to Plaintiff's Complaint, including Plaintiff's Motion to Strike Defendants' First Affirmative Defense, [Docket No. 71]; Plaintiff's Motion for Partial Summary Judgement, [Docket No. 74];[7] Plaintiff's Motion to Strike Defendants' Fifth, Ninth, and Tenth Affirmative Defenses, [Docket No. 79]; and Plaintiff's Motion to Strike Defendants' Seventh Affirmative Defense, [Docket No. 82]. Plaintiff also brings a Motion to Modify Scheduling Order and Stay of Pending Matter Before the Court, [Docket No. 115], seeking an order extending the discovery deadline and staying the present case while Plaintiff seeks a Writ of Mandamus regarding a Protective Order, [Docket No. 54], in the present case.

As the Court recommends dismissing Plaintiff's purported Section 1983 claims and declines to exercise supplemental jurisdiction over Plaintiff's other state law claims, Plaintiff's Motion to Strike Defendants' First Affirmative Defense, [Docket No. 71]; Motion for Partial Summary Judgement, [Docket No. 74]; Motion to Strike Defendants' Fifth, Ninth, and Tenth Affirmative Defenses, [Docket No. 79]; Motion to Strike Defendants' Seventh Affirmative Defense, [Docket No. 82]; and Motion to Modify Scheduling Order and Stay of Pending Matter Before the Court, [Docket No. 115], are mooted, if the present report and recommendation is adopted.

As such, the Court recommends that Plaintiff's Motion to Strike Defendants' First Affirmative Defense, [Docket No. 71]; Plaintiff's Motion for Partial Summary Judgement, [Docket No. 74]; Plaintiff's Motion to Strike Defendants' Fifth, Ninth, and Tenth Affirmative

---

[7] While labelled as a motion for summary judgment, Plaintiff's Motion for Partial Summary Judgment, [Docket No. 74], seeks "an order granting partial summary judgment on Defendants' second affirmative defense as plead in the their Joint Answer of Sherburne County Defendants[.]" (Id.).

17

Defenses, [Docket No. 79]; and Plaintiff's Motion to Strike Defendants' Seventh Affirmative Defense, [Docket No. 82], be **DISMISSED without prejudice as moot.**

For the same reasons, the Court **DENIES as moot** Plaintiff's Motion to Modify Scheduling Order and Stay of Pending Matter Before the Court. [Docket No. 115].

## V.   CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED:**

1. That Plaintiff's Motion for Leave to File Amended Complaint, [Docket No. 113], is **DENIED**;

2. That Plaintiff's Motion to Modify Scheduling Order and Stay of Pending Matter Before the Court, [Docket No. 115], is **DENIED as moot**; and

3. That Defendants' Motion to Compel, [Docket No. 137], is **DENIED as moot**.

**IT IS HEREBY RECOMMENDED**:

1. That Plaintiff's Motion to Strike Defendants' First Affirmative Defense, [Docket No. 71], be **DENIED as moot**;

2. That Plaintiff's Motion for Partial Summary Judgement, [Docket No. 74], be **DENIED as moot**;

3. That Plaintiff's Motion to Strike Defendants' Fifth, Ninth, and Tenth Affirmative Defenses, [Docket No. 79], be **DENIED as moot**;

4. That Plaintiff's Motion to Strike Defendants' Seventh Affirmative Defense, [Docket No. 82], be **DENIED as moot**;

5. That Defendants' Motion to Dismiss, [Docket No. 85], be **GRANTED in part and DENIED in part**; and

6. That all of Plaintiff's claims be **DISMISSED without prejudice** as set forth above.

Dated: September 12, 2016                  s/Leo I. Brisbois
                                                    Leo I. Brisbois
                                                    United States Magistrate Judge

**N O T I C E**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]"  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.