# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Eric Michael Sorenson,

                    Plaintiff,

                                                    **MEMORANDUM OPINION**
          v.                                        **AND ORDER**
                                                    Civil No. 15-3916 ADM/LIB

Sherburne County, et al.,

                    Defendants.

_____

Eric Michael Sorenson, pro se.

Ann R. Goering, Esq., Ratwik, Roszak & Maloney, P.A., Minneapolis, MN, on behalf of
Defendants.

_____

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Plaintiff

Eric Michael Sorenson's ("Sorenson") Appeal of Other Orders and Objections [Docket No. 144]

to Magistrate Judge Leo I. Brisbois' September 12, 2016 Order and Report and Recommendation

[Docket No. 143] ("Order, R&R").  In the Order, R&R, Judge Brisbois denied Sorenson's

Motion for Leave to File Amended Complaint [Docket No. 113] and Motion to Modify

Scheduling Order and Stay of Pending Matter Before the Court [Docket No. 115], as well as

Defendants' Motion to Compel [Docket Np. 137].  Sorenson also filed three motions seeking to

strike Defendants' affirmative defenses, and one Motion for Partial Summary Judgment.

See [Docket Nos. 71, 74, 79, and 82].  Judge Brisbois recommends denying each Motion as

moot.  Finally, the Order, R&R recommends granting in part and denying in part Defendants'

Motion to Dismiss [Docket No. 85].

Sorenson first contends that Judge Brisbois' Order denying his Motion for Leave to File

Amended Complaint is clearly erroneous or contrary to law.  Sorenson also objects to Judge

Brisbois' recommendation to dismiss Sorenson's federal claim and to decline exercising

supplemental jurisdiction over the remaining state law claims.  For the reasons set forth below,

Sorenson's appeal and objections are overruled.

## II.  BACKGROUND

### A.  The Complaint

Sorenson, a patient civilly committed in the Minnesota Sex Offender Program

("MSOP"), initiated the present lawsuit on October 21, 2015.  Compl. [Docket No. 1].  The

factual predicate for Sorenson's lawsuit relates to his two requests for information that were not

answered.  On November 24, 2013, Sorenson wrote to the Sherburne County Sheriff's Office

and requested information pursuant to the Minnesota Government Data Practices Act

("MGDPA"), Minn. Stat. §§ 13.01–13.99.  See Compl. Ex. A.  Sorenson requested information

concerning time he previously spent in the Sherburne County jail.  Sorenson asked that the

Sheriff's Office, among other things, provide an executive employee flowchart, employee job

descriptions, and complaints made about each employee.  Sorenson did not receive an answer to

this request.  See Compl.  Sorenson's second request is dated December 9, 2013, and it is

identical to his November 24 request.  This request was also refused.  Id.

Sorenson alleges that his requests were not answered because of his multiple critiques

and complaints made while he was detained in the Sherburne County jail.  Id. ¶ 32.  Sorenson

claims he needs the requested information to bring a lawsuit against Defendants "for

unconstitutional conditions of confinement and ultimately to achieve Plaintiff's liberties."  Id. ¶

39.

2

The present lawsuit asserts 10 causes of action, ranging from federal constitutional violations to simple negligence.  Id. ¶¶ 65–139.  The factual basis for each claim, however, strictly relates back to the two unanswered requests for information.

## B.  The Order, R&R

### 1.  Motion for Leave to File an Amended Complaint

Judge Brisbois first addressed Sorenson's Motion for Leave to File an amended Complaint.  Sorenson's Proposed Amended Complaint [Docket No. 113 Attach. 1] makes formatting and caption changes and adds 130 new paragraphs of facts and claims, more than doubling the length of the original pleading from 139 paragraphs to 312.  Judge Brisbois determined, however, that the Proposed Amended Complaint does not add any facts involving a different event or scenario beyond the two information requests asserted in the original complaint.

Judge Brisbois concluded that the only factual allegations pled in the Proposed Amended Complaint are that Defendants failed to provide answers to Sorenson's two data requests, in violation of the Minnesota Government Data Practices Act.  Because there is no federal constitutional right to state or county records, Judge Brisbois found that allowing Sorenson to amend his pleading would be futile.

### 2.  Motion to Dismiss

Judge Brisbois next addressed Defendants' Motion to Dismiss.  Looking first at subject matter jurisdiction, Judge Brisbois noted that Sorenson's Complaint asserted federal question jurisdiction through 42 U.S.C. § 1983, which requires a violation of a federal constitutional right.  Determining that the factual predicate in Sorenson's Complaint exclusively revolved around the

unanswered information requests, Judge Brisbois concluded that federal question jurisdiction was lacking because the factual allegations failed to give rise to any violations of the federal constitution.

The other federal laws Sorenson cited also failed to satisfy federal question jurisdiction. The Freedom of Information Act ("FOIA") 5 U.S.C. § 552, was not implicated by the allegations, Judge Brisbois reasoned, because it only covers federal agencies.  Because Sorenson's complaints are directed at state actors, it did not apply.  For similar reasons, Judge Brisbois determined that Sorenson's references to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, and the Rehabilitation Act ("RA") 29 U.S.C. § 701, did not confer federal jurisdiction.

Determining that subject matter jurisdiction was lacking, Judge Brisbois recommended granting Defendants' Motion to Dismiss.

### 3.  State Law Claims

The final issue addressed by Judge Brisbois was whether supplemental jurisdiction should be exercised over Sorenson's remaining state law claims.  Noting the general reluctance of federal courts to weigh in on purely state law issues, Judge Brisbois rejected Defendants' request to dismiss Sorenson's state law claims as well, instead recommending that this Court decline to exercise supplemental jurisdiction.[1]

---

[1] Judge Brisbois also recommended that Sorenson's remaining motions challenging Defendants' affirmative defenses be dismissed without prejudice as moot.

## III.  DISCUSSION

### A.  Motion for Leave to File an Amended Complaint

Sorenson argues that Judge Brisbois' decision to deny the Motion for Leave to File an Amended Complaint is clearly erroneous.  Sorenson argues that Judge Brisbois' conclusion was based not upon a position taken by Defendants, but on his own accord.  Second, Sorenson argues that Judge Brisbois mistakenly concluded that the allegations in the Proposed Amended Complaint were duplicitous of the original Complaint and that federal jurisdiction was lacking.

The district court must affirm a decision by a magistrate judge on a nondispositive issue unless the decision is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).  A decision is "'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Chakales v. Comm'r of Internal Revenue, 79 F.3d 726, 728 (8th Cir. 1996).  "A decision is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law or rules of procedure.'"  Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008) (quoting Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co., 592 F. Supp. 2d 1087, 1093 (N.D. Iowa 2008)).

Sorenson's first argument, that the Defendants never argued that the proposed Amended Complaint was futile, is incorrect.  The first page of Defendants' Memorandum in Opposition [Docket No. 129] states, "[a]s set forth below, Plaintiff's Motion for Leave to File Amended Complaint is untimely pursuant to the Scheduling Order in effect, prejudicial to the Sherburne County Defendants, was not preceded by a good-faith attempt to meet and confer, and the proposed amendments sought are futile."  Mem. Opp'n at 1 (emphasis added).  Later, on page

eight, Defendants argue why Sorenson's proposed amendments fail for futility.  See id. at 8.

Sorenson's second argument, that the proposed Amended Complaint does allege new facts that support federal jurisdiction, fails to show that Judge Brisbois' conclusion was clearly erroneous or contrary to law.  Sorenson argues that he alleged Defendants denied him the right to receive, read, and retain information, and that those allegations were overlooked by Judge Brisbois.  However, Sorenson does not have a federal constitutional right to receive information that is not publicly available as a general matter.  Eggenberger v. W. Albant Twp., 820 F.3d 938, 942 (8th Cir. 2016).  Thus, Sorenson's proposed Amended Complaint rests upon the same factual predicate as his original Complaint.  Since Judge Brisbois determined that the allegations in the original Complaint failed to provide federal subject matter jurisdiction, the Motion for Leave to File Amended Complaint was properly denied as futile.

**B.  Motion to Dismiss**

Sorenson objects to Judge Brisbois' recommendation to grant Defendants' Motion to Dismiss.  Sorenson again contends that he pled facts that support his federal constitutional claims.  Sorenson also argues that his FOIA cause of action should have been subsumed into his MGDPA claim, that his ADA and RA claims do state a federal cause of action, that Judge Brisbois erred by sua sponte addressing subject matter jurisdiction, and that this Court should hear his state law claims.

In reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C); see also D. Minn. L.R. 72.2(b).  A district judge "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge." Id.

The Order, R&R will be adopted in its entirety. For the reasons stated above, Sorenson's claim that he was denied the right to receive, read, and retain information does not state a federal cause of action. Second, Sorenson's argument pertaining to his FOIA claim lacks merit. The reach of FOIA is limited to federal agencies; it has no application to the Defendants that refused to answer Sorenson's two data requests. See Mace v. U.S. E.E.O.C., 37 F. Supp. 2d 1144, 1150 n.6 (E.D. Mo. 1999) (citing cases and noting that "FOIA applies only to records held by a federal government agency"). Sorenson's argument that it should be "subsumed" does not find support in the law.[2]

Third, the Court finds no error with Judge Brisbois' reasoning on Sorenson's ADA and RA claims. No facts have been alleged to plausibly show that any Defendant discriminated against Sorenson on the basis of a statutorily recognized disability. Fourth, Judge Brisbois acted in accordance with the law when he assessed whether or not subject matter jurisdiction was present. Subject matter jurisdiction is a requirement that must be present throughout the pendency of every lawsuit. Federal Rule of Civil Procedure 12 requires judges to dismiss actions if they determine that they lack subject matter jurisdiction. Concerns over subject matter jurisdiction do not need to be raised by litigants. See Crawford v. F. Hoffman-La Roche Ltd., 267 F.3d 760, 764 n.2 (8th Cir. 2001) ("[T]he federal courts are obligated to raise the issue of subject-matter jurisdiction *sua sponte*.").[3]

---

[2] Sorenson also argues that he should be given an opportunity to amend the Complaint to plead facts to support his FOIA claim. This request is denied.

[3] Sorenson raises an argument about diversity jurisdiction. Since diversity jurisdiction both has no application to this case and did not impact any of Judge Brisbois' findings, discussion on this argument is unwarranted.

Finally, the Order, R&R correctly recommends against exercising supplemental jurisdiction to hear Sorenson's remaining state law claims.  "A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."  Carlsbad Tech., Inv. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009).  The remaining claims asserted by Sorenson are best resolved by a state tribunal.  Accordingly, the Court agrees with Judge Brisbois and will decline to hear Sorenson's state law claims.

## IV.  CONCLUSION

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      Eric Michael Sorenson's Appeal of Other Orders and Objections [Docket No. 144] are **OVERRULED**;

2.      Judge Brisbois' September 12, 2016 Order and Report and Recommendation [Docket No. 143] is **AFFIRMED and ADOPTED**; and

3.      The Complaint [Docket No. 1] is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

                                        BY THE COURT:


                                        _____s/Ann D. Montgomery_____
                                        ANN D. MONTGOMERY
                                        U.S. DISTRICT JUDGE

Dated:  November 22, 2016.

8